UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------x

Gee Chan CHOI,

                Plaintiff,

   -against-

Jeong-Wha KIM,
Tae-Uk HA,[1]
Hyung-Yun KIM and
Jane Doe KIM,

                Defendants.

MEMORANDUM AND ORDER
04 - CV - 4693

-----------------------------------------------x

GLASSER, United States Senior District Judge

# INTRODUCTION

On November 9, 2006, Magistrate Judge Ramon E. Reyes issued a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1). Plaintiffs timely[2] filed purported objections to the Report and Recommendation. However, these objections came in the form of a letter requesting that this Court "overrule the Magistrate's Report and Recommendation for dismissal of plaintiff's claims, and, instead provide for affirmative relief and substantial damages, as requested in plaintiff's well-supported

---

[1] The complaint names this defendant as Uk-Ha Tae, but Plaintiff has requested that the Court correct his name to Tae-Uk Ha as Plaintiff has become aware since filing the complaint that this in fact is his name. See Plaintiff's Post-Hearing Memorandum of Law in Further Support of Substantial Damages Against Defendants Jeong-Wha Kim and Tae-Uk Ha at 1 n.1.

[2] Per this Court's Order of November 24, 2006, Plaintiff received an extension of time to file objections to the Magistrate Judge's Report and Recommendation.

1

papers." See December 4, 2006 Letter by Gee Chan Choi (Docket 22) ("Pl's Dec. 4 Letter"). He did not enumerate or specify any portion of the Report to which he objected, and in fact only referred this Court to his filings, motions and letters previously submitted to Judge Reyes. For the following reasons, this Court adopts Judge Reyes's Report and Recommendation in its entirety.

## BACKGROUND

Plaintiff Gee Chan Choi ("Choi" or "Plaintiff") commenced this action on November 1, 2004 by filing a complaint in the Eastern District of New York against Jeong-Wha Kim, Uk-Ha Tae,[3] Hyung-Yun Kim and Jane Doe Kim (collectively, "Defendants") alleging causes of action for federal and state RICO violations, abuse of process, malicious prosecution and false reporting to the authorities. These allegations stem from an incident where Defendant Jeong Hwa Kim filed alleged false reports to the police accusing Plaintiff of kidnapping and forcibly raping her. This led to Plaintiff's arrest, indictment and trial, although he was acquitted of the charges. On June 13, 2005, the Clerk of this Court entered a default judgment against defendants Jeong Hwa Kim and Tae-Uk Ha for failing to respond to the complaint.[4] Plaintiff subsequently submitted a document entitled "Plaintiff's Status Report"[5] requesting a jury trial to determine damages. By Memorandum and Order dated July 10, 2006, this Court denied Plaintiff's request for a jury trial and referred the case to Magistrate Judge Reyes

---

[3]   Later changed to Tae-Uk Ha, see supra note 1.

[4]   Defendants Hyung-Yun Kim and Jane Doe Kim were not served with the complaint and therefore no default judgment was entered against them.

[5]   Although this document does not appear on the docket sheet, a reference to it is made in this Court's Memorandum and Order dated July 10, 2006.

2

for a Report and Recommendation.  See Choi v. Kim, No. 04 Civ. 4693 (E.D.N.Y. filed July 10, 2006).

In a detailed Report and Recommendation dated November 9, 2006, Magistrate Judge Reyes concluded that despite the default judgment, Plaintiff's complaint failed to set forth a federal RICO claim for which relief may be granted, and that this Court lacks both subject matter jurisdiction and supplemental jurisdiction over Plaintiff's state law claims.  Accordingly, Judge Reyes recommended that the default judgment against the defendants be vacated, and that the complaint be dismissed with prejudice.  It is to that Report and Recommendation that Plaintiff purportedly objects.

## DISCUSSION

### I. Objections to the Report and Recommendation

28 U.S.C. § 636(b)(1) provides the means whereby a district judge may refer a matter to a magistrate judge for findings and a recommendation as to the disposition of the matter.  Parties objecting to such findings and recommendations may file the objections "[w]ithin ten days after being served with a copy."  28 U.S.C. § 636(b)(1).  Thereafter, "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  Id.

However, where the objecting party makes general or conclusory objections to the report and recommendation as a whole without specifying to which issues in the report he is objecting, or where a party's objections are simply a regurgitation of the arguments he made to the magistrate judge, a de novo review is

unwarranted.  Instead, the report and recommendation is reviewed by the district judge for clear error.  See, e.g., Camardo v. Gen. Motors Hourly-Rate Employees Pension Plan, 806 F.Supp. 380, 382 (W.D.N.Y. 1992) ("It is improper for an objecting party to . . . submit[] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge.  Clearly, parties are not to be afforded a "second bite at the apple" when they file objections to a Report and Recommendation.") (citations omitted); Pinkney v. Senkowski, No. 03-4820, 2006 WL 3208595, at *1 (S.D.N.Y. Nov. 3, 2006) (noting that "a petitioner is not entitled to de novo review upon making general or conclusory objections that do not address specific issues in the magistrate's report and recommendation . . . Nor is de novo review warranted where an objection merely reiterates arguments made before the magistrate judge.") (citations omitted); Pena v. Rivera, No. 05-3109, 2006 WL 2529771, at *1 (S.D.N.Y. Aug. 31, 2006) ("[W]hen a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report only for clear error . . . Objections to a Report and Recommendation 'are to be specific and are to address only those portions of the proposed findings to which the party objects.'" (citing Camardo, 806 F.Supp. at 382).

    Here, Plaintiff does not even attempt to conceal his effort to simply reiterate the arguments he made to Judge Reyes.  Indeed, Plaintiff's letter of December 4, 2006 does not state any general or specific objections to the Report and Recommendation.  Instead, Plaintiff states that he "respectfully maintains that he is entitled to affirmative relief, and damages, on the basis of our previous detailed and extensive submissions to Magistrate Reyes."  See Pl's Dec. 4 Letter at 1.  Instead of

4

objecting to specific portions of the Report and Recommendation, Plaintiff states, "we respectfully request that the Court consider those papers and overrule the Magistrate's Report and Recommendation for dismissal of plaintiff's claims, and, instead, provide for affirmative relief and substantial damages, as requested in plaintiff's well supported papers." See id. In essence, Plaintiff is requesting a second opportunity to present the same issues he already presented to Judge Reyes, without objecting to any specific portion of the Report and Recommendation. Accordingly, this Court reviews Judge Reyes's Report and Recommendation for clear error.

### II. Clear Error

This Court has previously noted that a "party seeking to overturn a ruling under the clear error standard bears a 'heavy burden.'" Sheppard v. Beerman, No. 91-1349, 1999 WL 1011940, at *2 (E.D.N.Y. Sept. 23, 1999) (citing Com-Tech Assocs. v. Computer Assocs. Int'l, Inc., 753 F.Supp. 1078, 1099 (E.D.N.Y 1990), aff'd, 938 F.2d 1574 (2d Cir.1991)). Additionally, "[t]he Supreme Court has stated that '[a] finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that mistake has been committed.'" Id. (citing United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948)).

This Court has reviewed Judge Reyes's Report and Recommendation and has found no such error. Judge Reyes held a conference regarding the issues and the Report and Recommendation indicated a thorough review of the record before the court. It is well-reasoned and devoted great attention to the facts of the case as well as the applicable law. Accordingly, this Court adopts Judge

Reyes's Report and Recommendation in its entirety.

## **CONCLUSION**

For the foregoing reasons, Judge Reyes's Report and Recommendation dated November 9, 2006 is hereby adopted in its entirety. The complaint fails to set forth a federal RICO claim for which relief may be granted, and the Court lacks both subject matter jurisdiction as well as supplemental jurisdiction over the state law claims. The entry of a default judgment against defendants Kim and Tae are VACATED, and the complaint is DISMISSED with prejudice.

It is further ORDERED that Plaintiff's counsel serve this order upon Defendants within 8 days of its entry.

SO ORDERED.

Dated:   December 7, 2006
         Brooklyn, New York

\_\_/s/_____

I. Leo Glasser
United States Senior District Judge

Copies of the foregoing memorandum and order were electronically sent to:

<u>Counsel for the Plaintiff</u>

Michael S. Kimm
Law Offices of Michael S. Kimm, Esq.
190 Moore Street
Suite 272
Hackensack, NJ 07601
201-342-3377
Fax: 201-342-0555
Email: okbabbo@msn.com
LEAD ATTORNEY
ATTORNEY TO BE NOTICED